UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amanda LOPEZ, Joshua Lopez, Robert Fisher as guardian ad litem for T.L, R.L., and I.H.;<br><br>                                  Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC; LPC Pendelton Quantico PM LP, Lincoln Military Property Management LP; and Does 1 through 50,<br>                                  Defendants. | Case No.: 3:20-cv-1915-JM-AGS<br><br>**REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISE (ECF 76)** |

Plaintiffs, including the Guardian Ad Litem for minors T.L., R.L., and I.H., seek an order approving a proposed settlement of the minors' claims. Because the settlement serves the minors' best interests, the Court recommends that the motion to approve the minors' settlement be granted.

## BACKGROUND

This suit arises from allegations that defendants, as landlords, failed to adequately address mold build-up in plaintiffs' military housing. (*See* ECF 1-2, at 16-19.) As a result, plaintiffs sued for various types of negligence, breach of warranty, fraud, constructive eviction, and premises liability, all arising under California law. (*See generally* ECF 1-2, at 19-45.) As a result of the failure to adequately clean the mold, plaintiffs claim they underwent "allergy"-like health reactions, with minor plaintiff T.L. also coping with "constipation," "fatigue", and "unsteadiness"; I.H. handling "bloody nose," "headaches," and "hoarseness"; and R.L. suffering from "seizures, speech delay, low muscle tone," and "severe physical delay." (*Id.* at 18-19.)

The parties agreed to settle the suit for $100,000, of which T.L. and I.H. will receive $3,000, and R.L. will receive $5,000. (*See* ECF 76, at 2.) Amanda and Joshua Lopez, the other plaintiffs and the minors' parents, will receive the remainder. (*Id.*) Counsel has

1

waived any fees against the minors' recovery. (*Id.* at 3.) And all lien costs associated with the minors' medical care will come from the parents' portion. (*Id.*) The parties propose to deposit the minors' recovery into an "interest-bearing, federally insured block account" "until the minor reaches 18 years of age." (*Id.*)

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court must limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court." Cal. Prob. Code 3611(b) & (e).

The undersigned is familiar with the facts of this case: this Court held a motion hearing affecting this and several related cases and participated in a global settlement conference with that same group. (*See, e.g.*, ECF 67 (global settlement conference); ECF 41 (motion hearing).) At first blush plaintiffs appear to have a good case, although litigation is always uncertain. There is some additional risk in this case, as it was subject to a motion

to dismiss based on jurisdictional grounds that may have foreclosed plaintiffs' suit entirely. (*See* ECF 16.) Plaintiffs also faced several costly medical battles to prove causation and damages, not to mention the potential delay caused by additional years of litigation. The parents have also agreed to cover any lien costs from their settlement amounts. Finally, plaintiffs have allocated a greater recovery to R.L., who faced the most serious symptoms. These facts each weigh in favor of the settlement being fair and in the minors' best interests.

Similarly, the proposed attorney's fees distribution—that is, plaintiffs' attorneys waiving all collection from the minors—weighs in favor of approving the request. *See Napier v. San Diego Cty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) ("In California, courts are required to approve the attorneys' fees to be paid for representation of a minor."). Finally, the procedure for disposition of the funds—placing them in a blocked account until the minors reach the age of majority—is consistent with the California Probate Code. *See* Cal. Prob. Code 3611(b); (ECF 76, at 3).

The Court's fairness determination is supported by other approved settlements in similar cases. In another case settled against most of the same defendants arising out of very similar mold allegations, the Court approved a net recovery of "$1,277.04" for a minor out of a gross recovery of "$69,000." *Doe v. Lincoln Mil. Prop. Mgmt. LP*, No. 320CV00224GPCAHG, 2020 WL 5587488, at *10 (S.D. Cal. Sept. 18, 2020), *adopted*, No. 3:20-cv-00224-GPC-AHG, 2020 WL 5810168 (S.D. Cal. Sept. 30, 2020). That recovery was for a minor who, like the minors here, suffered "wet coughs, eye infections, sinus infections, lethargy, and shortness of breath." *See id.* at *1. And in another mold-intrusion case, the Court approved the net settlement of a minor's claim for "2,206.72" out of $75,000. *Smith v. AMETEK, Inc.*, No. 320-CV-2359-TWR-BLM, 2021 WL 4077580, at *1 (S.D. Cal. Sept. 8, 2021), *adopted*, No. 20-CV-2359 TWR (AGS), 2021 WL 4805532 (S.D. Cal. Oct. 14, 2021). That minor also suffered from "wheezing, coughing, and allergic reactions." *Id*. In this case, the minors who were afflicted with similar symptoms are recovering $3,000—more than the minors in those cases—and R.L. with more serious symptoms is recovering the larger $5,000 sum.

# CONCLUSION

The settlement here is in the best interests of the children and is in line with settlements in similar cases. The distribution method is also appropriate. Accordingly, the Court recommends that:

1. The motion to approve the settlement (ECF 76) be **GRANTED.**
2. The Court find that the compromise and settlement of the claims of the minors T.L., R.L., and I.H. be **APPROVED** as fair and reasonable and in the best interests of the minor plaintiffs.
3. The minors' net recovery be placed in a blocked account until further Court order or the minors reach the age of 18. (*See* ECF 76, at 2.)

Any objections to this report and recommendation are due by June 3, 2022. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated:  May 20, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge